And good morning. We have only two cases on the calendar today. I'm told council are present for each of them. The running rules would be that when an advocate is at the lectern, they're free to take off their mask if they'd like. Not required to, but certainly they may do that. The judges are free to take off masks as well, since we're at space. And the protocols are sort of changing, but that's what it is now. So, the first case is United States v. Lopez. So, Mr. Ossovich. Am I saying that right? Correct, yes. Okay. Mr. Ossovich, you've got two minutes for rebuttal. That gives you eight minutes out of the gate. So just give us one second to make sure we're all set. I think we are. So you may proceed. Thank you, Your Honor. And may it please the Court, my name is Jay Ossovich, and I represent the appellant, Carlos Francisco Lopez. While I've raised several points in my brief, it is my intention this morning to focus on the special condition of supervised release, requiring him to provide the probation office with access to his personal, financial, and business records. The purpose of the condition as imposed is very clear. It's to ensure that he does not buy or subscribe to online services that provide child pornography. However, a special condition of supervised release must be reasonably related to the offensive conviction. Well, I mean, he procured child pornography before, right? He solicited and he asked people to send it to him in the past, correct? Your Honor, I submit that that is very different from subscribing. Well, just answer that question. That's correct, right? He did ask girls that he was involved with, young women that he was trying to entice, to send him images. Okay. That he would do, Your Honor. So is it such a stretch to think that he might try to procure images of the same type through other means? I think that it's actually quite different from what he was trying to do with these young women who he was trying to entice versus some— So if the condition of supervised release said in order to monitor defendant's compliance with not procuring child pornography, then it would be okay because it would be related to his offense? I'm sorry, Your Honor. I didn't catch the beginning of your question. It seems to me like you're drawing a distinction between buying or subscribing to online services that provide child pornography and what he did, which is soliciting child pornography. Yes. So if it just said to comply with not procuring child pornography, then it would be reasonably related and the condition would be fine? No, I don't think so, Your Honor, because the condition relates to his financial records, and his attempts to get images from those young women had nothing to do with his financial records. It had something to do with it, right? So he had a phone that he didn't disclose to his probation officer, right? And he used that phone to engage in the illicit conduct. So if he's not disclosing all of his devices, if the probation office has access to his financial records, wouldn't it make it more likely they could see if he bought a phone that he wasn't disclosing to them? Not necessarily, Your Honor. We don't know how he got the phone. It could have been given to him by someone else, by a family member, by a friend. Yeah, I understand. There are other ways for him to get a phone, but it would make it more likely that he wouldn't be able to hide a phone and not disclose it. I think that becomes speculation, Your Honor. And I think it becomes very unrelated to what his actual offense was. There was no objection, correct, to this special condition? That is correct, Your Honor. So we're on plain error review? Yes, we are, Your Honor. And why is this plain error? Well, first, the error is that the condition itself is not sufficiently related to his offense of conviction. So there is that separation. We're assuming that's error. Why is this plain error? Why is it such a travesty of justice to let this condition stand when he did not object to it? This court has repeatedly held, in numerous cases going at least back to 2001 in the United States v. Peterson, saying that there must be a sufficient connection between the offense of conviction and the condition that's being imposed. We've seen this in the United States v. Peterson. We've seen this in the United States v. Bellow, where the defendant was convicted of using stolen credit cards. So we should correct this only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Does this fit into those categories? Well, yes, Your Honor. But it also does affect his substantial rights. Because it affects his rights to financial privacy. Now, as to it affecting the fairness, integrity, or public reputation of judicial proceedings, by allowing the condition to stand, it raises the question as to whether a sentencing court can then just disregard very well-settled law in this circuit when it decides it wants to impose a condition at the request of the probation office. So it meets the requirements set forth under the plain error standard. You didn't challenge either the condition of supervised release that allows the probation office to surveil all of his computer activity on all of his devices, right? No, we're not challenging that condition, Your Honor. We're just challenging... Is that permissible, that he can be monitored, like all of his computer activities can be monitored? Yes, Your Honor. Regardless of what it is? Yes, Your Honor. Why is it then especially objectionable to monitor his financial records just to see if he's subscribing to child pornography? Well, an individual on supervised release loses some rights to privacy. They do not lose all privacy interests. So we think that he should be allowed to have some of his privacy interests. Child pornography is always illegal, right? Regardless, even if it wasn't a condition of supervised release, he wouldn't be able to go get child pornography. Correct, Your Honor. So if you think it's permissible and reasonably related to his offense to surveil everything he does on a computer, why is it then more offensive that they're just making sure he doesn't subscribe to child pornography services? Doesn't that seem more narrowly tailored than the other condition? Well, first, I do want to make one distinction. Not even while his computer usage is being monitored, he doesn't lose even all privacy interests within his computer usage. He still has some privacy interests there. So some personal e-mails, he'll still have some privacy interests with. What happens is when the monitoring... What about if his bank statement comes via e-mail? I'm sorry, Your Honor. If his bank statement comes electronically. Is that something that would be monitored or no? It should not be, Your Honor. No. No. The same as, you know, when they're monitoring... But the websites he visits and what he's doing online is monitored. That would be... Even if it's not related to child pornography. Right. And what will happen is that the... So if you're saying that it's okay and reasonably related to his offense to monitor all of his online activity in that sense, how could it be that it's more offensive to have a narrowly tailored provision focused on whether he's subscribing to child pornography services? Because you'll be able to find out if he's subscribing to child pornography services through that computer monitoring as opposed to all of his financial records and his personal and business financial records. So there becomes a distinction there that limits it. I guess I go back to the point I made earlier, which is that he did previously obtain a device that wasn't disclosed to the probation office. So if he does that again, that they wouldn't be monitoring the other device that he doesn't disclose because they wouldn't know about it. But ultimately they did learn about this device. They ultimately did, I understand. And it became... You have to say it would make it at least more likely that he wouldn't be able to do that if they could also see the purchases he's making. I think this actually falls into some of the discussions that we see that came up in United States v. Peterson where they talk about even though a person may have used a phone to commit fraud, it doesn't mean that he loses all privacy interests in use of a telephone in the future. So I think that becomes a distinction that we have here as well and that we should be looking at these distinctions. But he's losing all privacy interests in anything? Like he's not – he's able to use a computer. I mean he's losing privacy interests in the use of the computer, but you don't object to that. He has to disclose financial records to the extent that it would allow the probation office to make sure he's not subscribing to child pornography services. That doesn't seem like a blanket prohibition, like the blanket prohibition on Internet use or whatever it was. It becomes the impingement on his privacy interests in his financial records, and he should be able to still have – should not lose all the complete privacy interests in that. Yeah, but do you also acknowledge just on the condition the providing access to requested personal or business financial information is limited by the clause that says in order to monitor his compliance with not buying or subscribing to online services for child pornography, right? So if the probation office were just doing some kind of general inquiry into all of his financial records not connected to whether he was subscribing to child pornography services, that would exceed the condition. Well, Your Honor, but once you start going into the financial records, we don't know what they're looking at, where this is going. It allows for a delving into these kinds of privacy interests. There should be limitations here, and I think with – Yeah, but I guess that's my question. Isn't there a limitation? So if the probation officer makes a request for financial information that couldn't possibly reveal whether he was subscribing to online pornography services, wouldn't that be in excess of the condition? Possibly, Your Honor. And he'd be able to make a separate challenge to that. At that point, though, the harm has already been done, that his privacy interests have been violated. What we're trying to do is prevent these violations to his privacy interests from occurring in the first place. All right. Well, you've got two minutes for rebuttal. Thank you, Your Honor. So we'll now hear from Ms. Lee. Good morning, Your Honors. May it please the Court. My name is Tiffany Lee, and I represent the United States. This Court should uphold the special condition of supervised release that the District Court imposed, which requires Mr. Lopez to provide probation access to personal and financial records with the eye of monitoring compliance. Hence, that he is not visiting child pornography sites. The test here is whether or not there is a reasonable relationship to the special condition of supervised release with one of the statutory sentencing factors that 3553A requires consideration of. And also, which the guidelines spell out, too, that district courts must consider when they're crafting a special condition of supervised release. The language is any personal and or business financial information. It seems awfully broad. I mean, what does that mean? Any personal information? It's any business, any requested personal and or business financial information in order to monitor the defendant's compliance with not buying or subscribing to online services that provide child pornography. So it has to be either personal or financial business information that relates to possibly online services that provide? It's related to online services. And in this case, it's not just the fact that he had asked for his victims for images of child sexual abuse, but also he actually employed and used Internet applications. He used apps such as Kik, which are text messaging applications in order to kind of find the gateway, in order to find people to speak with. So Kik would be an online service that provides child pornography? It could be. I understand. So you're saying he did, in fact, procure child pornography using Kik. He used Kik. In another sense, I think the opposing counsel was saying he just got that directly from another person. It's not like it was a service that provided child pornography. So is that covered by this condition? I would say the fact that he used Kik is what provides the nexus for this particular enticement and transportation offense, because it was the device, it was the messaging application that he used in order to reach out and speak to his victims in order to begin the coercion enticement process. I do not know, like, in terms of the details of whether the exchange of child pornography images occurred through Kik, but in this case, he used Kik, and he specifically used Kik to look for chat messages for runaways. Look, probably this condition could have been even broader, right? It could have been requested financial information in order to ensure that he's complying with all the conditions of his supervised release. And that would mean they get to see financial records to see if he is using Kik, which he might not just be using to procure child pornography, but also to buy bus tickets to entice people to come visit him. That's correct, Your Honor. But that's actually not what this condition says. This condition is limited to the procurement of child pornography, right? That's correct. So he will not be violated if, you know, if he's seen subscribing to Kik generally or, you know, subscribing to an online messaging, you know. So it would not be a violation if he was subscribing to Kik? I don't think that because, first of all, I'm not sure if Kik is a paid online subscription service to begin with, but the whole idea is that if he is subscribing to a site known to exchange, like a website known to sell or trade in or provide the means where child pornography is exchanged, that's what he's looking for. That is what probation is looking for. Doesn't that make it somewhat removed from his offense then? So if his offense was he actually communicated with minors and got them to send him pictures, it's a different thing to say that he's subscribing to a service where you get it from strangers or people posted online and shared generally. Well, it's buying or subscribing to online services that provide child pornography. So services that provide child pornography. So that's where basically he was provided with child pornography. That's the nexus. So it would cover applications where he might voluntarily provide. It would potentially cover applications that are definitely known where the exchange of child pornography has happened. As I said here, I'm not sure if the child pornography exchanges actually happened on Kik, but Kik was definitely an application that was used in order to facilitate conversations and exchanges between Mr. Lopez and his victims. So then how is it that getting the financial information would help the monitoring? So if you're already monitoring all of his computer activity, why isn't that enough to know if he's doing something illicit online? Why do you need his financial records? This is, the district court has its discretion to look at the factors and determine whether or not there might be an additional layer that's required. But the analysis here is about whether there's a reasonable relationship between the special condition of supervisory. I'd just like to know, so what information would the probation office get from his financial records that it wouldn't have from just monitoring his computer activity? It may, because the computer monitoring is just basically looking at potentially computer history search terms. But the financials may just give the better detail in terms of, I'm subscribing to this. We know that this is a place that provides child pornography. But wouldn't you see them visiting that website if you had his- Not necessarily. No, not necessarily, because we don't know, again, to your point, we didn't know that he had this phone. We didn't know the computer monitoring only works- So he might subscribe to some service and then not use it on devices known to- Correct, or not- The probation office, and that's why the financial information might be- Exactly. And that's what he did before. He used devices that people supervising him didn't know about. Correct. He had a cell phone that he was using to engage in communications that parole in the state of California was not aware about. So, I mean, it may be an indirect source of information that allows the probation to figure out whether he's accessing child pornography sites or procuring child pornography the old-fashioned way with photos. Correct. So, ultimately, the analysis is the reasonable relationship. The cases cited by my colleague are an opposite. They are not ACT. Peterson involved a bank larceny case, and the offense there was strictly bank larceny. And the condition imposed was like a restriction on Internet activity. Bellow also involved bad checks. And in that case, again, there was an imposition of a special condition telling the defendant he could not watch TV. Eaglin is a case that involved child exploitation, but it was a total ban on access to the Internet. This is not that case here. There is a sufficient nexus between the offense, between the nature and characteristics of this particular defendant, and the need for deterrence and to protect the community with respect to imposition of the special condition of supervised release. And then given this particular defendant's background, as to the second point raised in my opponent's brief, that is why there is nothing about the 147-month sentence or the 15-year term of supervised release that is substantively unreasonable. Just because he did not get the 10-year mandatory minimum sentence he wanted, does not make the term of imprisonment for a repeat offender, someone who was on parole when he enticed the minor from Western New York, where he had another minor from the state of Arizona, also with whom he had contact with. When you look at all these factors, there is nothing about the sentence or the term of supervised release, which is shockingly high or unsupportable as a matter of law. Accordingly, this court should affirm the sentence in its entirety. And unless the court has any further questions, the government rests on its brief. All right. Thank you, Ms. Lee. We'll hear from Mr. Avciovic for two minutes. Thank you, Your Honor. I do believe from the questions to the government that the court does understand the point that I'm making. While the government is pointing to apps that are being used, there's nothing to suggest that he is subscribed to any of these apps, that these are anything that he purchased. But it could be indirect, right? In other words, if they see on his credit card statement, huh, this links up to another phone and that phone will allow us to figure out whether or not he's accessing child pornography through different means. Isn't that reasonably related to the crime? No, I do not think so, Your Honor, because, again, there is this question as to what he's using on the computer. They will note, he will have to report and monitor, excuse me, he will have to disclose his phones. And I believe that the U.S. probation officer will be, he hasn't before to the California probation. I believe to the U.S. probation office, they will be much more efficient at ensuring that they have access to his phones. They will have ability to, they have, there's other search provisions of his self and his home that probation can use if they have reasonable suspicion. If he is, they believe he is involved in illegal activities such as accessing child pornography. As to the question of subscribing to child pornography or buying it online. You're saying if they're suspicious that he's accessing child pornography, they can monitor everything he's doing online. They can come and search his home and his person to see if he has other devices. But it's beyond the pale to ask for his credit card statement. There's still some limits into his privacy interest that he should still have. But you're asking why is that the limit? If you're saying they can do all of these things to make sure that he's not subscribing to a child pornography service. Because those conditions. Credit card statement, why is that the outrageous thing? Because those conditions are reasonably related to the offense of enticing a child, which is what he was convicted of. So by looking at what he's doing on the computer, looking at what he's doing on his phone, they will be able to see whether or not he is trying to entice other minors as he had in this case. Therefore, I do respectfully request that you vacate this condition and provide the other relief as requested in our briefs. All right. Thank you very much. Thank you both. We will reserve decision.